## No. 8968.

### CONTINENTAL AUDIT COMPANY v. WOODMEN OF THE WORLD.

PAYMENT—*Evidence.* Two accountants united in practicing their profession. While so associated one rendered service to a patron. Payment to him for the service held a satisfaction of

the demand, though in the meantime he had assigned his interest in the joint account to his associate.

*Error to Denver District Court, Hon. A. W. McHendrie, Judge.*

Mr. THOMAS E. WATTERS, for plaintiff in error.

Mr. GEORGE P. STEELE, Mr. HENRY A. LINDSLEY and Mr. WALTER E. SCHWED, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

THIS action was by the plaintiff in error, plaintiff below, to recover from the defendant the sum of $120.00, for services rendered in the matter of auditing the books of defendant. There is no dispute as to amount, but payment is pleaded as the defense, and this plea was sustained by the trial court and the cause dismissed. The plaintiff is a corporation with an authorized and issued capital stock of one hundred shares. Of this, Fermor J. Spencer, who is the president of the company, owned forty-nine and one-half shares, and Edwin F. Arthur, who was the secretary and treasurer of the company, owned an equal amount. John W. Springer was the owner of the remaining one share, held for the apparent purpose of qualifying him to act as a director. The business was in fact that of Spencer and Arthur, and if there was ever any business transacted by the board of directors, acting as such, it does not appear in the record. It appears that Arthur had the direct and active charge of the office business.

It is agreed that he made contracts for services, and collected and paid the bills of the company generally. Dissatisfaction arose between the two principals; Arthur became ill, and Spencer addressed him a letter on September 30th, 1914, suggesting that he might sell to Arthur his interest, or purchase the interest of Arthur. This seemed to be agreeable to Arthur, and the two met on the 23rd of October and consummated an arrangement whereby Arthur sold his entire interest to Spencer for the lump sum of $2,426.00. In the meantime, and before the sale was con-

summated, and on the 14th day of October, Arthur addressed the following letter to the defendant in error:

"Denver, October 14, 1914.

To The Board of Managers,
   Woodmen of the World,
      Denver, Colo.

Gentlemen:

The Continental Audit Company asks your permission to cancel their arrangement for the audit of your books for the current year.

Mr. E. F. Arthur, who is retiring from this company, will assume the obligation and collect for the service rendered so far this year.

Respectfully,
The Continental Audit Co.,
By E. F. Arthur, Secretary."

This seems to have been accepted by the defendant, and Arthur then charged his own account with the $120.00 due from defendant, which entry appeared on the books of the Audit Company at the time of the closing of the deal between Arthur and Spencer.

The defendant afterward paid Arthur the said sum, though Spencer had notified it of the company's claim to the money. At the time of the sale by Arthur to Spencer, the company was indebted to Arthur for salary in the sum of $700, which credit went to Spencer, with Arthur's interest in the business, but which was not computed as an item in the basis of settlement.

The Audit Company, as conducted by Spencer, acquiesced in the arrangement contained in the letter of the Audit Company, written by Arthur to the defendant, in so far as it related to the cancellation of the contract of employment, but denied the right of Arthur to collect the $120.00 then due. Fraud is not suggested either in the pleadings or proof.

It appears that Arthur, acting for his company, entered into the original contract with the defendant, and likewise made the agreement for its cancellation, as he apparently

had the authority to do, and the court found from all the evidence that Arthur had the authority to do all the things he did in the premises, and that the defendant was justified in dealing with him and in the matter of the payment of the money which it owed.

We think there was sufficient evidence to sustain this finding and the judgment is therefore affirmed.

Judgment affirmed.

Hill, C. J., and Garrigues, J., concur.